UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER ANTHONY FUENTES,

                Petitioner,

-against-

SUPERINTENDENT FIELDS,

                Respondent.

1:18-CV-11055 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Petitioner, who proceeds *pro se* and is currently incarcerated in the Fishkill Correctional Facility, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. He seems to challenge multiple unspecified judgments of conviction of the New York Supreme Court, New York County. On August 9, 2019, the Court granted Petitioner's request to proceed *in forma pauperis*. For the reasons discussed below, the Court denies the petition without prejudice as frivolous.

## STANDARD OF REVIEW

    The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and deny a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d

Cir. 2006) (internal quotation marks and citations omitted, italics in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted). And "*sua sponte* dismissals may be appropriate in some circumstances, particularly in cases involving . . . frivolous habeas [corpus] petitions." *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) (citations omitted).

**BACKGROUND**

Petitioner asserts that the nature of the unspecified offenses of which he was convicted involved "[a] remote controlled brain device [that] was installed in [his] brain by extra terrestrials in 1988 and Area 51 military in 2003." (ECF 1:18-CV-11055, 2, p. 1.) He states that he pleaded not guilty to the charges against him and that his trials were bench trials, that is, they did not involve a jury. He also states that he did not appeal his convictions. He alleges that he filed a postconviction motion in an unspecified court in Manhattan, but he does not list the grounds that he asserted in that motion. He also asserts that that court did not respond to his postconviction motion. He further states that there was "no response to [his] appeal, except . . . one letter." (*Id.* p. 4.) But he does not assert what that letter stated.

2

In the section of the petition in which Petitioner is supposed to list his grounds for *habeas corpus* relief, Petitioner suggests to the Court that it should get in contact with a state clemency official in Albany, New York, and the "Department of Veterans Affairs, in Wisconsin," about Petitioner's "telepathic prediction of DoD 382 and $52 million in investments in Ihob or Ihop franchises in a glorious, New, New York." (*Id.*). Petitioner also informs the Court that he "like[s] 'CD' music." (*Id.* at 5.) Finally, in the section of the petition in which he is supposed to inform the Court of the date and length of any future sentence he is supposed to serve, Petitioner wishes the Court a "Happy Thanksgiving Day." (*Id.* at 6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474, Petitioner's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* litigant an opportunity to amend a pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the petition cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend and denies his petition without prejudice as frivolous. *See Perez*, 849 F.2d at 797.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket.

The Court denies this petition for a writ of *habeas corpus* without prejudice as frivolous.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

3

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 19, 2019
       New York, New York

COLLEEN McMAHON
Chief United States District Judge